Golia, J.
(dissenting and voting to reverse the order and grant defendant’s motion to dismiss in the following memorandum). Here, plaintiff previously filed a motion for summary judgment, which included misrepresentations and questionable fraudulent billing, and which demonstrated an intentional failure to comply with requirements of the Civil Court Act, and refusal to affirmatively move to correct such failure. This motion for summary judgment was then withdrawn for reasons that are not contained in the record.
*70 Those papers which are in this file contain an affirmation from plaintiffs attorney, and certain documentary proof which the plaintiffs attorney argued was sufficient to warrant summary judgment in favor of plaintiff.
The documentary proof that was annexed was not a doctor’s office records or a doctor’s affirmation relating to treatment. It was not even an NF-2 claim form. The submitted document was a “Health Insurance Claim Form” which set forth a list of dates representing an extensive series of more than 30 treatments performed by the claimant Dr. Dugo upon the alleged eligible injured insured Judy Nieves during the time period at issue in this no-fault case. A problem arises in that this “form” specifically asserts that the patient’s condition is not related to an auto accident or for that matter also not related to employment or any “other accident.” Clearly, this document is not sufficient to establish proof of treatment as a result of a covered automobile accident. Nevertheless, this document does raise the question as to whether or not these medical treatments were submitted for payment to both this no-fault carrier as well as to a different health insurance carrier with conflicting statements. To me, there appears to be grounds to question whether the provider submitted a claim to this “no-fault” carrier that the alleged injury was caused by an auto accident and another claim to a “health insurance” carrier that the injury was not caused by an auto accident.
Inasmuch as that motion was withdrawn, it is not part of this appeal and plays no part in my dissent.
What is part of this appeal is plaintiffs failure to comply with the requirements of the Civil Court Act that were in effect at the time the underlying action was commenced.
The Civil Court action below was commenced on or about September 24, 2004, the defendant acknowledging that it was served and whereupon it served an answer upon plaintiff dated October 13, 2004.
Despite the fact that section 409 of the Civil Court Act, which was in effect at the time, required that a copy of the summons with proof of service be filed within 14 days of service, to wit: October 8, 2004, this plaintiff did not file those documents until March 12, 2007, nearly 2L¡2 years later.
Indeed, it cannot even be argued that it was a mere oversight that was corrected as soon as the plaintiff became aware of the error. On May 3, 2005 the defendant served the plaintiff with a demand that it purchase an index number and file its papers in *71 court. It then took the plaintiff another 22 months before it deigned to comply with either the court rule, or the defendant’s demand.
Furthermore, I disagree with the representation presented by the majority that “[i]n opposition, plaintiff asked for nunc pro tunc relief pursuant to CCA form 411.” In fact, what the plaintiff stated in its opposition papers was “[i]f this court deems it necessary, I would request the filing of the summons and complaint be accepted nunc pro tunc.” This inchoate statement was not even a precatory “request” but rather a conditional offer to make such request only “if this court deems it necessary.” This failure to file an application for relief is important because if plaintiff had made an affirmative request for nunc pro tunc relief, then it would have been required to argue why it was entitled to such relief. That would have necessitated an explanation of why it took more than 800 days to comply with a simple requirement that should have been done in 14 days, and why this plaintiff apparently ignored the defendant’s demand that plaintiff comply some two years before it did so.
I do not deem it necessary or even advisable to grant plaintiff’s or its counsel’s unsupported request for nunc pro tunc relief for counsel’s failure to comply with well-established rules which were knowingly disregarded for approximately 2x/2 years. I would simply dismiss the action without prejudice.
Weston, J.E, and Steinhardt, J., concur; Golia, J. dissents in a separate memorandum.